IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSEPH RICHARDSON**                                                               **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 3:18cv480-HTW-RHW**

**NANCY A. BERRYHILL,**
**COMMISSIONER OF SOCIAL SECURITY**                                       **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court is [10] Plaintiff Joseph Richardson's December 12, 2018 motion for summary judgment in this action seeking judicial review of the denial of Richardson's claim for supplemental security income (SSI). Richardson asserts the Administrative Law Judge (ALJ) erred by not incorporating into the finding on residual functional capacity (RFC) that Richardson had an impairment on the ability to reach. The Commissioner has responded to the motion [14], and Richardson has replied. [15] Briefing is now complete and the matter is ripe for ruling.

Facts and Procedural History

In October and November 2016, Richardson applied for Social Security benefits alleging disability since December 1, 2014[1] (at age 30) due to diabetes and gastroparesis. [8, pp. 83-88, 202] The claim was denied initially on January 17, 2017 and on reconsideration, April 6, 2017. [8, pp. 89, 97] Plaintiff requested a hearing which was first scheduled for September 22, 2017 but postponed so he could obtain representation. [8, pp. pp. 108-111] Administrative Law Judge Michael D. Harbart heard the matter on February 21, 2018, receiving documentary evidence and hearing testimony from Richardson, who was accompanied by his attorney, and from Vocational Expert (VE) Sabrina Singleton. [8, pp. 141, 43-81] The ALJ fairly summarized Richardson's

---

[1] At the February 2018 hearing, Richardson was allowed to amend the date of onset of disability to October 8, 2016, the day he filed his SSI claim.

testimony which indicates he is 33 years old, 5'10" tall, weighs 193 pounds, lives with his wife and has not worked since 2014. He has a high school certificate and a driver's license, though he testified he has not driven or gone out of the house by himself since July 2017 when he had a stroke. He had a heart attack in December 2017.[2] Richardson's wife helps him get up in the mornings and gets his medicine for him. He can brush his teeth with his left hand (he is right-handed); his wife shaves him and helps him bathe. When she goes to work at 6:00 a.m., his mother stays with him, holding onto him as he moves about. His father does his yard work. Richardson stated he cannot get around on his own; he was in a wheelchair at the hearing. He spends most of his day on the couch or in a recliner; he does no household chores, does not go shopping and cannot fold clothes. He says he cannot lift anything with his right hand; that with his left hand he could open jars and such but could not handle a gallon of milk. He testified he has daily pain in his right arm measuring seven on a scale of ten. He sleeps four hours a night and a couple of hours during the day. [8, pp. 52-67]

Vocational Expert Sabrina Singleton testified that Richardson's prior jobs as a cart attendant at Wal-Mart and as a laundry worker are medium work with an SVP[3] of 2; his work as a welder/fitter helper is heavy work, SVP 3; and his work as a lubrication technician is medium, SVP 4 which Singleton testified "would be reduced because of an SVP of 2 because of the amount of time performed."[4] The ALJ held Richardson's past relevant work was that of laundry

---

[2] The ALJ considered both the stroke and the heart attack in determining this claim.

[3] **Error! Main Document Only.**SVP level refers to amount of time required for a typical worker to learn how to do the job. An SVP of 2 is unskilled work, or work requiring "little or no judgment to do simple duties that can be learned on the job in a short period of time." See 20 C.F.R. §§ 404.1568(a), 416.968(a); SSR 00-4p, 2000 WL 1898704.

[4] Richardson worked as a lubrication tech only from August to September 2016. He worked building houses from July 2001-March 2013, as a laundry worker in 2003, and at Wal-Mart from June-December 2014. [8, pp. 243-245, 74, 297]

worker and lubrication tech, both classified medium jobs. [8, p. 74] Based upon the following hypothetical from the ALJ, VE Singleton opined that Richardson could not perform any of his past relevant work:

> Let's assume the claimant has the following residual functional capacity. Namely, to perform work at the full range of sedentary work where he would never climb ladders, ropes or scaffolds. He would regularly climb ramps or stairs and he could occasionally balance and crouch but rarely kneel or crawl and he could use his right hand and arm on … an occasional … basis for fine and gross manipulation and he could use his left hand and arm on a frequent basis for fine and gross manipulation and he would avoid … all exposure to unprotected heights.

Considering an individual with such limitations, and of approximately the same age, education and work history as Richardson, the VE testified there existed available sedentary[5] jobs which he could perform, such as document preparer, surveillance system monitor, and addresser, all of which are SVP 2. VE Singleton further testified if his medical conditions and associated pain prevented his engaging in sustained work activity for a full eight-hour day/40-hour week, there would be no available jobs for him. [8, pp. 75-77]

Although the VE conceded on cross-examination that performing the task "is going to be awkward" if you switch from the dominant right hand to the left, she opined that with occasional use of his right hand as a "helper hand," Richardson could still do the jobs identified. There would be no work for him if he were limited to using both hands occasionally, reaching only occasionally in all directions, or if he could not sit/stand eight hours in an eight-hour day and had to lie down at unpredictable intervals. [8, pp. 78-81]

---

[5]Social Security regulations define sedentary work as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; a sedentary job is defined as one which involves sitting; jobs are sedentary if walking and standing are required only occasionally. 20 C.F.R. § 404.1567(a).

Standard of Review

Judicial review of a final decision of the Commissioner of Social Security is limited to determining whether substantial record evidence supports the Commissioner's factual findings, and whether such findings are reached through the application of correct legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). To determine whether substantial evidence supports the decision, the Court reviews the entire record. *Villa*, 895 F.2d at 1022. Issues of credibility of witnesses and conflicts in the evidence are for resolution by the Commissioner; the Court may not re-weigh the record evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995); *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007); *Harris*, 209 F.3d at 417 (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). A finding of "no substantial evidence" is appropriate only if no credible evidentiary choices or medical findings support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988); *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

Factual findings supported by substantial record evidence are conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). The Court may reverse the Commissioner's decision if it is based upon faulty legal analysis but should accept the Commissioner's legal conclusions if they are within reasonable meanings of the statutory or regulatory language. *Chevron, U.S.A., Inc. v.*

*Natural Resources Defense Council*, 467 U.S. 837, 841-44 (1984).  Absent a finding that the decision is unsupported by substantial evidence or that the Commissioner applied an incorrect legal standard, the Court must affirm the Commissioner's decision.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  The Commissioner's decision "is accorded great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the ... decision or finds that the Commissioner made an error of law."  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (footnotes omitted).

## Law and Analysis

The Social Security Act defines disability as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months..."  42 U.S.C. § 423(d)(1)(A).  It was Richardson's burden to prove disability which kept him from engaging in substantial gainful work, *i.e.*, work involving significant physical or mental activities and usually done for pay or profit.  *Masterson v. v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) ("suffering of some impairment does not establish disability; a claimant is disabled only if [he] is 'incapable of engaging in *any* substantial gainful activity'").

There is no dispute that ALJ Harbart applied the correct law, the five-step sequential evaluation process for determining disability.  Richardson does not challenge the ALJ's findings in the first three steps: that Richardson had not engaged in substantial gainful activity since the filing date of October 8, 2016; that he has severe impairments of "previous cerebrovascular accident with right side weakness and congestive heart failure, status post stents and heart

attack" which significantly limit his ability to perform basic work activities, but his diabetes mellitus, obesity and gastroparesis are not severe; and that Richardson's impairment or combination of impairments do not meet or medically equal a listing. Richardson also does not contest the finding that he cannot return to his past relevant work.

Richardson objects to the ALJ's finding of his residual functional capacity (RFC) urging that the ALJ was required to afford controlling weight to a sentence in the March 2017 findings by consultative examiner Dr. Ruth Gershon to the effect Richardson had decreased range of motion in his shoulders resulting in manipulative limitations on reaching. [8, p. 622] Richardson argues the failure to include a limitation on reaching invalidates the ALJ's finding of his residual functional capacity.

The ALJ fairly summarized and fully discussed Dr. Gershon's findings and opinion. Dr. Gershon found Richardson able to lift, carry and handle light objects, to squat and rise with moderate difficulty, to rise from a sitting position without assistance though he had some difficulty getting up and down from the examination table. He was able to walk on heels and toes with difficulty, tandem walking was abnormal, and he could stand but not hop on either foot. He had no physical abnormalities related to gastroparesis, but diabetes-related moderate visual and mobility limitations indicated he should avoid heights. He could sit normally in an eight-hour day with normal breaks and had only mild limitations with standing/walking due to instability and right hip problems. Dr. Gershon found he had "exaggerated kyphosis" (curving) of the upper thoracic spine and reduced range of motion in his neck, right forearm, lower back and right hip causing moderate mobility limitations. Dr. Gershon further reported that Richardson's manipulative limitations affected his right side only which limited him to occasional handling, feeling, grasping and fingering due to decreased range of motion in his right

arm; he had no communicative or environmental limitations. [8, pp. 617-623] Dr. Gershon observed that Richardson did not give good effort during the examination. Even so, the ALJ gave some weight to the opinion as the findings of occasional manipulative limitations on the right were consistent with the evidence presented at the hearing level. [8, pp. 622, 18, 20] Judge Harbart explained he did not give the opinion more weight because he found the vague terms used in the report (mild, moderate, normally) of little value in determining RFC. [8, p. 20] An ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Martinez v. Chater*, 64 F.3d at 176.

Considering all the evidence, the ALJ found nothing in the record to support the claim of disability due to diabetes and gastroparesis upon which the claim was filed in 2016; the contention that these conditions prevented Richardson from working is belied by the record which shows he actually earned at substantial gainful activity while these conditions existed. [8, pp. 20, 210-219] The existence of an impairment or condition does not equate to disability; rather disability exists only if the impairment renders the claimant "incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d at 293.

Based on the evidence before him, including Richardson's post-filing stroke and heart attack in 2017, ALJ Harbart found Richardson remained capable of sedentary work with additional limitations including no climbing ladders, ropes or scaffolds, occasional balancing and crouching but rarely kneeling or crawling, avoiding heights, and only occasional use of the right hand and arm but frequent use of the left hand and arm for fine and gross manipulation avoid heights. The ALJ accurately cited the record evidence which supports these findings including reports from Richardson's cardiologist noting Richardson's denial of cardiovascular complaints (shortness of breath, chest pain, leg edema, palpitations and syncope) and his reports that he had

been exercising without pain; the physician's examination findings that Richardson had good range of motion of the extremities and recommendation that he exercise and continue treatment with medical management only; and a nurse practitioner's finding no abnormalities of the upper extremities. Even Richardson's own testimony indicated he had pain only in his right arm and that he remained able to use his left hand to open jars, brush his teeth, etc.

## RECOMMENDATION

Bearing in mind the Court's limited function in reviewing the Commissioner's decision and respecting the prerogative of the Commission to decide issues of credibility and weight to be given the evidence, the undersigned finds the Commissioner's final decision is supported by substantial evidence, is in accord with relevant legal standards and should be affirmed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after service of a copy of this Report and Recommendation a party may serve and file with the Clerk written objections to it, specifically identifying the findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. The opposing party must file responses to objections within seven days after service or notify the District Judge that he does not intend to respond. Absent timely written objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 24th day of April 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE